UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BRIAN FOURCHA,

        Petitioner,        Case No. 1:11-cv-850

v.        Honorable Gordon J. Quist

KENNETH T. McKEE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's claims are procedurally defaulted.

### Factual Allegations

Petitioner was convicted by a jury in the Kent County Circuit Court of two counts of third-degree criminal sexual conduct (person 13 through 15), MICH. COMP. LAWS §

750.520d(1)(a), and two counts of accosting, enticing, or soliciting a child for immoral purposes, MICH. COMP. LAWS § 750.145a. Petitioner appealed the conviction and sentence to the Michigan Court of Appeals, which granted the appeal only with respect to the sentence. Upon remand for resentencing, the circuit court entered a revised sentence on May 13, 2010, imposing a term of incarceration of ten to twenty-two years and six months for each of the criminal sexual conduct convictions, and two to six years for each of the accosting convictions. Petitioner appealed his conviction to the Michigan Supreme Court, which denied the appeal on June 28, 2010. Petitioner did not seek review from the United States Supreme Court or file a motion for post-conviction relief with the circuit court.

In his original habeas petition filed in July 2011, Petitioner raised the following five grounds for relief: (1) denial of effective assistance of counsel because counsel failed to raise any constitutional claim in the trial court; (2) denial of the right to a defense because the trial court refused to allow Petitioner to admit a letter written by one of the victims; (3) insufficient evidence to support the convictions; (4) failure to take DNA samples from the victims to support the charge of criminal sexual conduct; and (5) ineffective assistance of trial counsel in failing to challenge two jurors for cause, failing to use the victim's letter for impeachment purposes, and failing to articulate to the court how the victim's credibility would have been undermined if the victim's letter had been admitted into evidence.

On October 18, 2011, the Court issued an order staying this action and administratively closing the case pending exhaustion of Petitioner's previously unexhausted claims in the state courts. After this action was stayed, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court on November 10, 2011, raising four grounds for relief. One ground – the alleged denial of the right to present a defense – already had been raised on direct appeal. The three other grounds – two claims of ineffective assistance of trial counsel and the alleged denial of due process by the

failure to collect DNA samples – were new issues. The circuit court denied the motion for relief from judgment on November 28, 2011. The court held that Petitioner's claim regarding the denial of the right to present a defense was barred under MICH. CT. R. 6.508(D)(2), because Petitioner had previously raised it on direct appeal. The court held that the remaining claims were barred by MICH. CT. R. 6.508(D)(3)(a), because they could have been, but were not, raised on direct appeal. (11/28/11 Cir. Ct. Ord., Attach. to Am. Pet., docket #11-1, Page ID#44.) The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on February 22, 2012 and September 4, 2012, respectively. (*See* 2/22/12 Mich. Ct. App. Ord., Attach to Am. Pet., docket #11-1, Page ID#47; *see also* 9/4/12 Mich. Ct. Ord., http://publicdocs.courts.mi.gov:81/sct/public/orders/20120904_s144765_19_144765_2012-09-04_or.pdf.)

Petitioner filed the instant amended petition within thirty days of the Michigan Supreme Court's decision, raising only the four issues presented in his motion for relief from judgment.[1]

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the

---

[1] The Court notes that, in its September 28, 2012 order lifting the stay and reopening the case (docket #12), the Court inaccurately summarized the claims raised in the motion for relief from judgment and in the amended habeas petition. In both his motion for relief from judgment and his amended habeas petition, Petitioner raised the same four issues, one of which had previously been raised on direct appeal – deprivation of the right to present a defense. In his amended habeas application, Petitioner has abandoned his original habeas claim challenging the sufficiency of the evidence.

adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

## Discussion

Petitioner raises four grounds for relief in his petition:  (1) ineffective assistance of counsel in failing to raise any constitutional issue in the trial court; (2) denial of Petitioner's right to present a defense by the refusal to admit a letter written by one of the victims; (3) failure to take DNA samples from the victims to support the charge of criminal sexual conduct; and (4) ineffective assistance of counsel in several ways:  failing to challenge two jurors for cause; failing to use the evidence for impeachment purposes; and failing to articulate to the court how the victim's credibility would have been undermined if the letter had been admitted into evidence.  Only ground two was raised on direct appeal.[2]  The remaining three grounds were presented for the first time in Petitioner's motion for relief from judgment, and were rejected as procedurally barred under Rule 6.508(D)(3).

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v.*

---

[2] Petitioner raised the claim for a second time in his motion for relief from judgment, which the court rejected under Rule 6.508(D)(2) of the Michigan Court Rules.

*Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In deciding whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

      A.     Right to Present a Defense

As previously discussed, the Kent County Circuit Court denied Petitioner's claim that he was deprived of his right to present a defense because it was barred by Rule 6.508(D)(2) of the Michigan Court Rules. Under Rule 6.508(D)(2), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. The Sixth Circuit has held that a state-court's denial of a motion under Rule 6.508(D)(2) is a denial on the basis of collateral estoppel; it does not procedurally default a claim for habeas relief. *See Amos v. Renico*, 683 F.3d 720, 727 (6th Cir. 2012) (citing *Skinner v. McLemore*,

425 F. App'x 491, 495 (6th Cir. 2011)). Instead, a federal court on habeas review must look to the state court's original determination of the claim on direct appeal. *Amos*, 683 F.3d at 727-28.

On direct appeal, the Michigan Court of Appeals addressed the issue as follows:

> Next, defendant argues that he was denied his right to present a defense when the trial court refused to allow him to introduce a letter written by NP to KP shortly after the sexual assaults took place wherein NP recanted the allegations she made to police regarding defendant's sexual misconduct. Defendant failed to preserve this issue for review because he did not raise any constitutional claim in the trial court. *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993) (an objection based on one ground does not preserve an appellate challenge based on a different ground). Whether exclusion of evidence violated a defendant's right to present a defense involves a constitutional question that we review de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). Generally, we review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). However, we review de novo questions of law such as whether evidence is excluded by a rule of evidence. *Id.* An unpreserved constitutional error is reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).
>
> A criminal defendant has a fundamental right to present evidence in his own defense. *People v Unger*, 278 Mich App 210, 249; 749 NW2d 272 (2008). "Although the right to present a defense is a fundamental element of due process, it is not an absolute right. The accused must still comply with 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'" *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984), quoting *Chambers v Mississippi*, 410 US 284, 302; 93 S Ct 1038; 35 L Ed 2d 297 (1973).
>
> In this case, the letter at issue was not admissible for substantive purposes despite its relevance to the issues involved in the case, i.e. credibility of the victim, because the letter amounted to inadmissible hearsay evidence. MRE 801(c). In addition, while the letter may have been admissible for impeachment purposes as extrinsic evidence of a prior inconsistent statement under MRE 613(b), any error in exclusion of the letter was harmless. NP testified to significant aspects of the letter and she admitted that she wrote the letter. She further explained that, in the letter, she offered to recant her previous allegations against defendant in an effort to retain KP's and another girl's friendship. NP even read a portion of the letter during her testimony where she wrote that she would, "tell the detective the truth." In addition, the trial court stated defendant could read any portion of the letter for impeachment purposes, and defendant fails to articulate how NP's credibility would have been further undermined if the written document had been actually admitted as an exhibit. The exclusion of the letter did not deny defendant a substantial defense under the circumstances and it did not amount to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

3/9/10 Mich. Ct. App. Op. at 2-3.[3]

The Michigan Court of Appeals expressly relied on Michigan's contemporaneous-objection rule in denying Petitioner's claim. A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 385 (2002). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). It is clear that the contemporaneous objection rule was firmly-established at the time of Petitioner's trial. *See, e.g.*, *People v. Kelly*, 378 N.W.2d 365 (Mich. 1985). Petitioner's failure to comply with the state's independent and adequate state procedural rule caused him to default his claims in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010); *Lancaster*, 324 F.3d at 437; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). Further, even though the court of appeals also reviewed the issue for plain error, Petitioner's failure to object is still considered a procedural default. *See, e.g., Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004); *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000) (citations omitted). Accordingly, review by this Court is barred unless Petitioner can show cause and prejudice for his default or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 485; *House*, 547 U.S. at 536.

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

---

[3] The opinion was obtained from the electronic docketing system maintained by the Michigan appellate courts, http://publicdocs.courts.mi.gov:81/OPINIONS/FINAL/COA/20100309_C288214_41_288214.OPN.PDF.

Petitioner argues that the ineffective assistance of trial counsel in failing to object should serve as cause excusing his procedural default. It is well established that the ineffective assistance of counsel may serve as cause to excuse a failure to raise claims on direct appeal. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell*, 274 F.3d at 349; *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). However, to serve as cause, the claim of ineffective assistance must itself be properly exhausted. *Id.* Petitioner, however, neglected to raise a claim of ineffective assistance of trial counsel until he filed his motion for relief from judgment. As discussed in part B, *infra*, the Michigan courts found his claim barred by MICH. CT. R. 6.508(D)(3), thereby procedurally defaulting the claim. As further discussed, *infra*, Petitioner fails to demonstrate cause excusing his default of the ineffective-assistance-of-counsel claim. Because the alleged cause excusing Petitioner's default of his right-to-present-a-defense claim is itself procedurally defaulted, Petitioner cannot show the necessary cause excusing the failure to raise a contemporaneous objection.

Further, even if he could establish cause excusing his default, Petitioner cannot demonstrate that the Michigan Court of Appeals unreasonably determined that Petitioner was not prejudiced by the exclusion of the evidence. To the extent Petitioner suggests that the state court's decision violated Michigan law or the Michigan Rules of Evidence, his claim is not cognizable for purposes of federal habeas corpus review. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman*, 268 F.3d at 439; *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citations and internal quotation marks omitted). The Sixth Circuit explained:

> [A] "meaningful opportunity" is not "every opportunity," and relevant evidence is frequently excluded from trial. Trial judges must make "dozens, sometimes hundreds" of evidentiary decisions throughout the course of a typical case, and rarely are these of constitutional significance: "the Constitution leaves to the judges who must make these decisions 'wide latitude' to exclude evidence that is 'repetitive . . . , only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Crane*, 476 U.S. at 689-90, 106 S. Ct. 2142 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986)) (alterations and omissions in original). But while the Constitution leaves much in the hands of the trial judge, "an essential component of procedural fairness is an opportunity to be heard." *Id.* at 690, 106 S. Ct. 2142.

*Gagne v. Booker*, 596 F.3d 335, 340-41 (6th Cir. 2010). A proper inquiry into the constitutionality of a trial court's decision to exclude evidence begins with considering the relevancy and cumulative nature of the excluded evidence, and the extent to which it was "central" or "indispensable" to the defense. *Id*. at 341. Against this backdrop courts must balance the state's interests in enforcing the evidentiary rule on which the exclusion was based. *Id.*

Applying the correct constitutional standard, the court of appeals reviewed the record and found that exclusion of the evidence neither denied Petitioner his right to present a defense nor prejudiced his case. The court found that, although the letter was not admitted, the victim was

questioned about what she said in the letter, she admitted writing it, she read part of it into the record, and defense counsel was allowed to read aloud any portion of the letter as a basis for cross-examination. The court of appeals therefore concluded that Petitioner had ample opportunity to present his defense. On habeas review, a determination of such a factual issue by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). The state-court's summary of the factual record, therefore, is presumed to be correct. Petitioner does not dispute the accuracy of any of the court's factual summary, much less show that it is erroneous by clear and convincing evidence.

As a result, under the AEDPA, this Court accepts the state court's summary as true. Based on those facts, the state court's determination of the constitutional question was entirely reasonable. Petitioner had significant opportunity to use the letter to challenge the witness' credibility, and he exercised that opportunity. Petitioner clearly was not deprived of his opportunity to present a defense on the issue. He therefore cannot demonstrate how he was prejudiced by the failure to admit the document.

Finally, no basis exists for excusing Petitioner's default under the miscarriage-of-justice exception. As previously discussed, that exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. Petitioner had not even suggested that he is actually innocent, much less made the necessary factual allegations to support such a claim.

As a consequence, Petitioner's claim that he was deprived of his right to present a defense is procedurally defaulted

### B. Remaining claims

The Kent County Circuit Court clearly and unequivocally held that Petitioner's remaining claims were barred by MICH. CT. R. 6.508(D)(3) because they could have been, but were not, raised on direct appeal. For a claim that could have been raised in a previous appeal, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b). Because MICH. CT. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). A state court's finding that a claim that could have been raised in a previous appeal and was therefore barred under Rule 6.508(D)(3) of the Michigan Court Rules is a procedural default, so the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b); *see also Amos*, 683 F.3d at 732 (holding that a Michigan court's denial of a motion for relief from judgment under Rule 6.508(D)(3) is both an independent and adequate state ground sufficient for procedural default).

Petitioner makes no attempt to demonstrate cause excusing his procedural default. Petitioner possibly could have argued that appellate counsel was ineffective in failing to raise the

issues on direct appeal. The ineffective assistance of appellate counsel may serve as cause to excuse a failure to raise claims on direct appeal. *See Edwards*, 529 U.S. at 453; *Buell*, 274 F.3d at 349; *Coleman*, 244 F.3d at 538. However, to serve as cause, the claim of ineffective assistance of appellate counsel must itself be properly exhausted. *Id.* In the instant case, Petitioner failed to raise ineffective assistance of appellate counsel in the state courts, and he has no remaining available remedies in that court. Any claim of ineffective assistance of counsel, therefore, is itself procedurally defaulted. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Because Petitioner cannot show cause excusing his procedural default, his claims are barred from habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because his claims are procedurally defaulted.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  November 8, 2012                            /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE